UNITED STATES DISTRICT COURT
For the
SOUTHERN DISTRICT OF FLORIDA

Devon A. Brown                    CASE NO. 9:20-cv-81903
        Plaintiff,

vs.

Napleton's West Palm Hyundai and,
Santander Consumer USA ,
        Defendants.
_____/

FILED BY _____ D.C.
MAR 12 2021
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

## PLAINTIFF'S OPPOSITION TO DEFENDANT NAPLETON'S WEST PALM HYUNDAI'S SECOND AMENDED MOTION TO COMPEL ARBITRATION AND AMENDED MOTION TO STAY PROCEEDINGS.

COMES NOW Plaintiff Devon A. Brown, Sui Juris, and files his opposition to defendant Napleton's West Palm Hyundai's (NWPH) second amended motion to compel arbitration and amended motion to stay proceedings., and he states the following:

1.The Defendant NWPH has filed a motion to compel discovery and stay proceedings, which was rightfully denied by this Honorable Court. The Defendant NWPH then went and filed it an amended motion to compel discovery and stay proceedings. Noticing that its amended motion to compel arbitration and motion to stay proceedings is very weak, because it hadn't plead much difference in the body of its amended motion to compel and motion to stay proceedings, so while the amended motion to compel and stay proceedings are pending; the Defendant NWPH fild another amended motion to compel arbitration and stay proceedings. This second REPLY amende motion to compel arbitration and stay proceedings is almost identical to the one that was denied by this Honorable Court. So this amended motion to compel arbitration and motion to stay proceedings should be likewise denied with prejudice.

2. The Defendant Napleton's West Palm Hyundai is still in default, and has not stated any legal reasons to set aside the default, and even if this Honorable Court was to set aside the default; the

1

defendant NWPH has not argued a viable cause to compel arbitration and stay proceedings. This delay prejudice Plaintiff has he had stated in his opposition to Defendant NWPH amended motion to set aside default.

3. The Plaintiff was a victim of a deceptive trade practice and predatory lending in which this defendant NWPH was a conspirator to the fraud with its co-defendant. The defendant NWPH is relying on the sales contract arbitration clause. What the defendant NWPH does not understand is thus, the contract in the first place was a coerced fraudulent contract, fraud cancels out everything that it enters. Fraud does vitiate the most solemn contracts, documents and even judgements. **_U.S. v. THROCKMORTON_**, 98 U.S. 61.

4. In some instances, even if there is fraud, the Court can still order the parties to arbitration, IF THIS ARGUMENT IS IN THE ARBITRATION CLAUSE OF THE SPECIFIC CONTRACT. This is not the fact herein. The Defendant would have to state in the arbitration document that the arbitration covers any sort of fraud etc. this will be shown through precedent case laws below. Because the contract that leads to the arbitration is fraud, the whole contract is a nullity. **"Any false representation of material facts made with knowledge of falsity and with intent that it shall be acted on by another in entering into contract, and which is so acted upon, constitutes 'fraud,' and entitles party deceived to avoid contract or recover damages."** _**Barnsdall Refining Corn. v. Birnam Wood Oil Co**_. 92 F 26 817.

5. For the defendant NWPH to defeat the fraud claim, there should be a phrase "arising out of _or in connection with_ the present contract", which is broad language that likely could prevents plaintiff from claiming the scope of the arbitration clause would not include fraud. Generally speaking, including "arising out of or relating to" or similar language is interpreted as a "broad" arbitration clause by courts. _Dlorah, Inc. v. KLE Constr., LLC_, No. 16-5102-JLV, 2017 U.S. Dist. LEXIS 110435, at *9 (D.S.D. July 17, 2017) (citing _Fleet Tire Serv. of N. Little Rock v. Oliver Rubber Co._, 118 F.3d 619, 620-21 (8th Cir. 1997)). In the instant case between Plaintiff and defendant NWPH, there was no broad arbitration clause. " If the contract was voided by fraud, the arbitration provision therein falls." Matter of Cheney Brothers v. Joroco Dresses, Inc., 218 App. Div. 652, 219 N. Y. Supp. 96 (ist Dept. 1926).

6. Plaintiffs can seek to have the case first examined by a court, claiming that fraud claims are not subject to arbitration. (*See, e.g., Totten v. R.G. Constr.*, No. C 02-04599 JSW, 2005 U.S. Dist. LEXIS 38816, at *10 (N.D. Cal. Dec. 13, 2005). In the current action between Plaintiff and defendant NWPH, the arbitration clause does not state that "even if fraud or such is alleged, then the parties will mandatorily go to arbitration". An arbitration clause that clearly covers all claims "arising out of or related to" the contract and, better yet, specifically identifies arbitrability as an issue reserved for the arbitrator.

7. Has stated before, the defendant NWPH has not plead much difference in its amended motion to compel arbitration and motion to stay proceedings. The Court has denied almost the same motion to compel arbitration and motion to stay proceedings filed by this defendant. Nothing new filed by the defendant NWPH in its motion for the Court to change its ruling.

WHEREFORE, the Plaintiff moves this Honorable Court to DENY the defendant Napleton's West Palm Hyundai's motion to compel arbitration and motion to stay proceedings with prejudice, because it is evidenced by now that the defendant cannot cure its deficiencies. The Court shall GRANT the Plaintiff the relief sough herein or any other relief that this Honorable Court deems just and equitable.

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was furnished to the party below via the U.S. postal service and or email on March 12, 2021.

| Party Served: | By: |
|---|---|
| LITCHFIELD CAVO, LLP<br>Mark Atlas<br>Attorney for Defendant<br>Napleton's West Palm Hyundai<br>600 Corporate Drive, Suite 600<br>Fort Lauderdale, FL 33334 | Devon A. Brown<br>2847 Jackson Street<br>Apt. 5<br>Hollywood, FL. 33020<br>(954) 628-2512<br><br>*Devon Brown* |